UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETER BROWN COOPER,<br><br>                    Plaintiff(s),<br><br>    v.<br><br>EQUIFAX INFORMATION SERVICES<br>LLC, et al.,<br><br>                    Defendant(s). | CASE NO. C25-2247-KKE<br><br>ORDER STAYING CASE PENDING<br>ARBITRATION |

Plaintiff Peter Brown Cooper filed the instant Fair Credit Reporting Act lawsuit against Defendants Equifax Information Services, LLC, Trans Union, LLC, and Goldman Sachs Bank USA. Proceedings against Goldman Sachs were previously stayed pending arbitration between Goldman Sachs and Cooper. This matter is now before the Court on Defendants Equifax and Trans Union's motion to stay proceedings in their entirety pending the outcome of that arbitration. Dkt. No. 29. Although neither Equifax nor Trans Union are signatories to the arbitration agreement, Cooper's claims against them are inextricably linked to his claim against Goldman Sachs. Accordingly, the Court will grant the motion to stay.

## I.   BACKGROUND

Plaintiff Peter Brown Cooper filed this lawsuit alleging violations of the Fair Credit Reporting Act ("FCRA") by Defendants Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union") (together, "Credit Bureau Defendants"), and Goldman Sachs Bank

ORDER STAYING CASE PENDING ARBITRATION - 1

USA ("Goldman Sachs"). Dkt. No. 1. On March 13, 2026, Cooper filed his first amended complaint. Dkt. No. 35. Therein, Cooper states that on March 31, 2024, he ordered a new iPhone and Magsafe case through the Apple Store, and that he was charged $1,842.58 on his Apple Card furnished by Goldman Sachs. Dkt. No. 35 ¶ 48. Cooper earned 3% cashback (approximately $56) on the purchase. *Id.* ¶ 51. Cooper states that because he never picked up his items at the store, the purchase was cancelled, and he received a refund to his credit card for the cost of the items on April 10, 2024. *Id.* ¶ 50. However, according to Cooper, the "cashback reward was inadvertently not reversed," and this "error" generated a "remaining balance," which resulted in a "notice of late payments on his Apple card account" a few months later. *Id.* ¶¶ 52–55. Cooper contacted Apple, and a representative informed him that this "was in fact an error on the bank's part" and that "the 3% cashback should have been reversed[.]" *Id.* ¶ 56. According to Cooper, Apple and Goldman Sachs "corrected the credit reporting of the account in July 2024 to show a proper $0 balance." *Id.* ¶ 57. After correcting the "error" on his Apple Card account, Cooper learned that Goldman Sachs had reported a late payment to the Credit Bureau Defendants, causing "a significant drop" in his credit scores. *Id.* ¶¶ 58–60.

Cooper brings two claims against the Credit Bureau Defendants. He claims that Equifax and Trans Union violated the FCRA by failing to follow reasonable procedures to ensure accuracy of their consumer reports about him, and to perform a reasonable reinvestigation after he noted the dispute regarding the Apple Card cashback error. *Id.* ¶¶ 151–169 (citing 15 U.S.C. §§ 1681e(b), 1681i). As to Goldman Sachs, Cooper claims the bank failed to investigate the Apple Card cashback error in violation of 15 U.S.C. § 1681s-2(b). *Id.* ¶¶ 170–175.

On February 11, 2026, the Court granted the parties' stipulated motion to stay the action as to Goldman Sachs so the parties could pursue arbitration. Dkt. No. 25. Now before the Court is the Credit Bureau Defendants' motion to stay this matter pending the outcome of those

ORDER STAYING CASE PENDING ARBITRATION - 2

arbitration proceedings.  Dkt. No. 29.  Equifax separately filed a motion to dismiss the case.  Dkt. No. 38.  The motion to stay is ripe for consideration.

## II.    ANALYSIS

### A.    The Court Will Stay Proceedings Against the Equifax and Trans Union.

The Federal Arbitration Act ("FAA") requires a court to stay an action that "is brought by a  signatory to  an arbitration agreement  against  another  signatory  to  that  agreement, on claims subject to that agreement." *Maguire Ins. Agency, Inc. v. Amynta Agency, Inc.*, 652 F. Supp. 3d 1313, 1328 (W.D. Wash. 2023) (quoting *Ballard v. Corinthian Colls., Inc.*, No. C06-5256-FDB, 2006 WL 2380668, at *2 (W.D. Wash. Aug. 16, 2006)).  As to non-signatory defendants such as Equifax and Trans Union, however, "[c]ourts generally grant motions to stay where the plaintiff's claims against a non-signatory defendant are intertwined with their arbitrable claims against another defendant."  *Kater v. Churchill Downs Inc.*, C15-612RBL, 2019 WL 3944323, at *2 (W.D. Wash. Aug. 21, 2019) (collecting cases).  Although the Ninth Circuit has "note[d] a preference for proceeding with the non-arbitrable claims when feasible," it has nevertheless recognized that "[t]he decision whether to stay the non-arbitrable issues … pending arbitration rests with the sound discretion of the district court." *United Commc'ns Hub, Inc. v. Qwest Commc'ns, Inc.*, 46 Fed. Appx. 412, 415 (9th Cir. 2002).

Equifax and Trans Union urge the Court to stay the entire action because Cooper "must prove that the information reported on [his] credit reports was inaccurate," and thus, "[t]he outcome of the arbitration will" impact his claims against them.  Dkt. No. 29 at 3 (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010)).  Cooper counters that the Credit Bureau Defendants' duties under the FCRA are "separate and apart from Goldman Sachs' failure to report accurate information and reinvestigate" his dispute.  Dkt. No. 33 at 5.  Cooper additionally argues that "a stay inherently prejudices the plaintiff," and as such, Equifax and Trans Union must

ORDER STAYING CASE PENDING ARBITRATION - 3

"make out a clear case of hardship or inequity[.]" *Id.* at 6–8 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  The Court agrees with Equifax and Trans Union, and will stay the case pending arbitration between Cooper and Goldman Sachs for the reasons below.

Counts I and II of the amended complaint allege that Equifax and Trans Union violated the FCRA by failing to follow procedures to ensure accurate credit reporting about Cooper and by failing to perform a reasonable reinvestigation when Cooper alerted them to the cashback dispute. Dkt. No. 35 ¶¶ 151–169 (citing 15 U.S.C. §§ 1681e(b), 1681i).  Count III of the amended complaint, which is the subject of the arbitration, alleges that Goldman Sachs failed to investigate the cashback error.  *Id.*  ¶¶ 170–175.  As Equifax and Trans Union point out, Cooper's claims against them hinge on precisely the same facts as the claim being arbitrated against Goldman Sachs.  The crux of Cooper's allegations against all three Defendants is that Goldman Sachs committed an error with respect to refunding and reporting cashback that was earned on his credit card.  Thus, resolution of the claims against Equifax and Trans Union hinges on the accuracy of information relayed by Goldman Sachs to Equifax and Trans Union—an issue that will likely be determined during the arbitration between Cooper and Goldman Sachs.  *See Ishaki v. Equifax Info. Servs., LLC*, 219CV00558GMNEJY, 2019 WL 12875983 (D. Nev. Sep. 20, 2019) (collecting cases and explaining that "actual inaccuracy is nonetheless a precedent requirement" to state a FCRA reinvestigation claim under 15 U.S.C. § 1681i).  Where a complaint makes clear that the non-arbitrable claims "'depend[] upon the same facts [as] and [are] inherently inseparable from' the remainder of the arbitrable claims," a stay of all claims is appropriate.  *Maguire Ins.*, 652 F. Supp. 3d at 1328 (quoting *Ballard*, 2006 WL 2380668, at *2).

Finally, the Court finds unpersuasive Cooper's assertions of prejudice owing to possibly lengthy arbitration.  *Cf. Wolfire Games, LLC v. Valve Corp.*, C21-0563-JCC, 2021 WL 4952220, at *3 (W.D. Wash. Oct. 25, 2021) (court declining to stay claims against non-signatory plaintiff

where it alleged "ongoing harm" from defendant's anti-competitive trade practices which were the subject of the lawsuit). To the contrary, where, as here, claims against non-signatory defendants are intertwined with those against a signatory defendant, the "simultaneous litigation of such claims in separate forums would likely lead to a duplication of effort, as well as the risk of inconsistent decisions and inefficiencies." *Ballard*, 2006 WL 2380668, at *2; *see also U.S. for Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1427 (9th Cir. 1985) (district court did not err in staying nonarbitrable claims because "there were ample reasons for avoiding a duplication of effort in trying simultaneously, or even successively, the issues" and "[c]onsiderations of economy and efficiency fully support[ed] the District Court's determination" that the nonarbitrable claims must await the arbitrator's final determination). "Proceeding on these claims while the [Goldman Sachs] dispute is being arbitrated would be an inefficient use of judicial resources and would risk the Court making factual and legal determinations that conflict with the arbitrator's resolution of the parties' core dispute." *DejaVuAI Inc. v. Kapustin*, 2:25-CV-00915-JNW, 2025 WL 3208519, at *3 (W.D. Wash. Oct. 8, 2025) (expanding stay to encompass non-arbitrable claims where the case "revolve[d] around the Parties' trade secret dispute and ownership of the disputed technology, which will be resolved through arbitration.").

In sum, because Cooper's claims against Equifax and Trans Union turn on precisely the same facts as his arbitrable claim against Goldman Sachs, the Court will stay these proceedings in their entirety pending the outcome of arbitration.

### III.   CONCLUSION

The Court GRANTS Equifax and Trans Union's motion to stay proceedings. Dkt. No. 29. The Court STRIKES the motion to dismiss, subject to re-filing. Dkt. No. 38. The Court STAYS these proceedings pending arbitration. The parties are ORDERED to file a Joint Status Report within fourteen days of the completion of arbitration.

Dated this 27th day of May, 2026.

Kymberly K. Evanson
United States District Judge